IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADOLFO RAFAEL SUAREZ, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-18-3224 |
| WARDEN TIMOTHY S. STEWART and FCI CUMBERLAND, | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Aldolfo Rafael Suarez filed the above-captioned habeas corpus action, styling his Petition as one brought pursuant to 28 U.S.C. § 2241. Suarez, who was convicted in the Eastern District of Michigan and is presently confined at FCI Cumberland in this district, asserts that he should be resentenced because, at the time of sentencing, the district court attributed a greater quantity of drugs to him than was charged in the indictment and failed to give him the benefit of a two level sentencing reduction under Guidelines Amendment 782. ECF No. 1 at 6.

Petitions under § 2241 are ordinarily reserved for challenges to the execution of a sentence; in contrast, a habeas corpus petition challenging the validity of a sentence—as Suarez's Petition does—should be brought under § 2255. *In re Vial*, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. . . . [A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). Suarez appears to acknowledge that his Petition should have been brought under § 2255 but contends that § 2241 is the proper vehicle here because he is entitled to the benefit of § 2255(e), commonly referred to as the "savings clause." ECF No. 1-2 at 1.

The savings clause allows an individual to file a § 2241 petition raising claims ordinarily restricted to the realm of § 2255 where a § 2255 petition "is inadequate or ineffective to test the legality of his detention." § 2255(e). Pursuant to *In re Jones*, 226 F.3d 328 (4th Cir. 2000),

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Earlier this year, the Fourth Circuit extended the reach of the savings clause to challenges based on "fundamental sentencing errors." *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018), *pet. for cert. filed* U.S. Sup. Ct. Case No. 18-420 (Oct. 4, 2018).

Even though the type of claim (i.e., sentencing error) that Suarez seeks to raise might now be within the realm of the savings clause pursuant to *Wheeler*, Suarez cannot satisfy the conditions as articulated in *In re Jones*. Specifically, Suarez alleges that an error occurred during his sentencing hearing that was purportedly erroneous *at the time* that the sentence was issued. Pursuant to *In re Jones*, applicability of the savings clause requires a substantive change in the law "subsequent to the prisoner's direct appeal and first § 2255 motion." 226 F.3d at 334.[1]

---

[1] In any event, the record reveals that there is no merit to Suarez's claims of error. Suarez pled guilty to two counts of violating 21 U.S.C. § 841 based on his involvement in distribution of 5 kilograms or more of cocaine and 1 kilogram or more of heroin. These drug quantities (5 kilograms of cocaine and 1 kilogram of heroin) are the largest quantities specified in the criminal statute—a quantity above this amount would simply fall into the "or more" portion of the statute. *See* 21 U.S.C. § 841(b)(1)(A)-(C). Although the criminal *statute* does not distinguish between larger quantities, the Sentencing Guidelines do. *See* USSG § 2D1.1. Thus, as the district court explained,

> *[f]or sentencing purposes*, the defendant was held accountable for 100 kilograms of cocaine and 50 kilograms of heroin, which equates to 70,000 kilograms of marijuana equivalency[, a calculation used to determine the drug quantity attributable to a defendant when different types of drugs are involved, *see* USSG § 2D1.1 cmt. n. 8], yielding a base offense level of 36.

*United States v. Suarez*, 2:14-cr-20117-DML-RSW, ECF No. 654 at 2 (emphasis added); *see also id.*, ECF No. 648 at 5 (noting in the sentencing transcript that Suarez's base offense level is "based upon 70 kilograms of marijuana

2

Therefore, Suarez is not entitled to the benefit of the savings clause, meaning his habeas corpus petition is properly construed as a § 2255 petition, notwithstanding Suarez's decision to caption the Petition as one under § 2241. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting "the longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions."). A § 2255 Motion must be filed in the district of conviction; in Suarez's case that district is the Eastern District of Michigan. Accordingly, this Court lacks jurisdiction over the instant Petition and it must be dismissed.

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such

---

equivalency," likely a misstatement of 70,000 kilograms). These attributable drug quantities are consistent with Suarez's offenses of conviction, as it is unquestionable that 100 kilograms of cocaine and 50 kilograms of heroin respectively qualify as "5 kilograms *or more* of a mixture or substance containing a detectible amount of" cocaine, 21 U.S.C. § 841(b)(1)(A)(ii) (emphasis added) and "1 kilogram *or more* of a mixture or substance containing a detectible amount of heroin," § 841(b)(1)(A)(i) (emphasis added).

As to Suarez's second argument that he did not receive Amendment 782's 2-level reduction in base offense level, he is also mistaken. Amendment 782 became effective November 1, 2014, although Suarez erroneously states that it became effective November 1, 2015. The marijuana equivalency of 70,000 kilograms applicable to Suarez, *see* USSG § 2D1.1 cmt. n. 8(D) (providing that 1 gm of Heroin = 1 kg of marihuana and 1 gm of cocaine = 200 gm of marihuana) corresponds with the base offense level 36 in the 2015 Sentencing Guidelines (incorporating all amendments effective Nov. 1, 2015 and earlier) applicable to quantities of "30,000 KG but less than 90,000 KG of Marihuana." § 2D1.1(c)(2). Had Suarez been sentenced under the 2013 version of the Guidelines—before Amendment 782 was effective—his base offense level would have been 38, which applied to offenses involving "30,000 KG or more of Marihuana."

permission. Because Suarez has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate order follows.

10/25/2018
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE